UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

FRED DANIEL REEVES,

        Plaintiff,                              Case No. 2:06-cv-294

v.                                                 Honorable R. Allan Edgar

MIKE ENGELSGJERD, et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Fred Daniel Reeves, a prisoner incarcerated at the Baraga Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within thirty days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. He acknowledges that in more than three of his previous lawsuits, the court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Reeves v. Grider*, No. 5:04-cv-185 (W.D. Mich.) (Op. & J. 11/30/04); *Reeves v. Eyers*; No. 5:04-cv-202 (W.D. Mich.) (Op. & J. 12/21/04); and *Reeves v. Eyers*, No. 1:04-cv-790 (W.D. Mich.) (Op. & J. 01/04/05). Plaintiff, however, specifically alleges that he is in imminent danger of serious physical injury. Plaintiff claims that on May 10, 2006, he was transported from the prison facility to the Munising Memorial Hospital because of heart problems. Upon his return to the prison, he was examined by Dr. Miller. Dr. Miller twice requested his supervisor, Dr. Engelsgjerd, to examine Plaintiff. Dr. Miller informed Plaintiff that Dr. Engelsgjerd refused to treat Plaintiff because of a lawsuit Plaintiff had previously filed against Dr. Engelsgjerd. Plaintiff does not allege that he is being denied medical treatment by all doctors at the prison facility. Moreover, an exhibit attached to Plaintiff's complaint shows that on October 18, 2006, Plaintiff received the following medications: Prilosec, Nitroglycerin patches, aspirin, Hytrin, Hydrodiuril, Tendrmin, Motrin, K-Dur, Benadryl, and Vasotec. (*See* Ex. G.) Nitroglycerin patches are prescribed to prevent angina, *see* http://www.nlmnih.gov/medlineplus/druginfo/a601085.htlm, and Vasotec is prescribed to treat congestive heart problems. *See* http://www.drugs.com.MTM/V/Vasotec.html. In addition, Hytrin is prescribed to treat high blood pressure. *See* http://www.drugs.com.MTM/H/Hytrin.html. Accordingly, Plaintiff is not under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the thirty-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:    2/6/07                                         */s/ R. Allan Edgar*
                                                         R. Allan Edgar
                                                         United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**